CATHERINE WELCH *et al.*, plaintiffs in error, *vs.* JOHN DURKIN, administrator, *et al.*, defendants in error.

Where there are several defendants to a bill in equity, and one of them files a plea, on the trial of which the jury find for complainants, refusal to allow a decree to be entered for the amount so found, although none of the defendants have answered, is not such a final judgment in the case as can be excepted to.

Equity.    Judgments.    Practice in the Supreme Court. August Term, 1877.

Reported in the decision.

HATCHER & GOETCHIUS, for plaintiffs in error.

R. J. MOSES; L. T. DOWNING, for defendants.

WARNER, Chief Justice.

When this case was called for a hearing, the defendants made a motion to dismiss it, on the ground that it was prematurely brought here according to the provisions of the 4250th section of the Code.   It appears from the record before us that the complainants filed their bill against John Durkin, administrator of John O'Brien, deceased, and Cath-

erine McCardle, administratrix *de bonis non* of Thomas Brassell, deceased, for an account and relief, and that afterwards the trustees of the lunatic asylum were made parties defendant by an amendment to the bill. The administrator, Durkin, filed a plea to the complainants' bill in bar of their right to recover, upon which plea the complainants joined issue, and the jury found by their verdict "the issue in favor of the complainants in the sum of $300.00, including interest to date." After the return of said verdict on Durkin's plea, there being no answer filed by him or by the trustees of the lunatic asylum to their bill, the complainants moved the court to grant them a decree on the verdict for the $300.00, which the court refused, and the complainants excepted and brought the case here for review.

The section of the Code before cited declares that, "No cause shall be carried to the supreme court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause." The finding of the jury upon Durkin's plea was not a final disposition of the cause, but on the contrary, the same is still pending in the court below against him and the other defendants, and that being so, the case must be dismissed, and it is so ordered. Whereupon the plaintiffs in error were allowed, on their own motion, to withdraw their case from this court.